Jasen, J.
(dissenting). Although the majority holds that the record supports the commission’s finding of misconduct on the part of petitioner, it nonetheless modifies the sanction imposed from censure, which it deems excessive, to admonishment. I cannot subscribe to this view and, therefore, dissent.
It is clear from the record that on two occasions petitioner requested that Town Justices give special consideration to individuals known by petitioner and charged with traffic violations. These requests were made by telephone and later confirmed in writing on petitioner’s official stationery. Moreover, in the letter sent by petitioner to Justice Cleary regarding the matter of Mr. Reinemann, petitioner closed: "Again please accept my thanks and if there is ever anything I can do for you, do not hesitate to call.”
The fact that nothing in the record contradicts petitioner’s assertion that he received no personal benefit in either of these cases, cited by the majority as a mitigating factor, is not dispositive. Canon 2 (subd B) of the Canons of Judicial Conduct unambiguously demands that a Judge "should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him.” In the present case, petitioner violated this obligation irrespective of whether he derived any personal benefit from his conduct.
Nor do I find persuasive petitioner’s plea that as a layman he was not fully aware of the bounds of proper judicial conduct. I remain skeptical that petitioner, especially in light *527 of his quid pro quo promise to Judge Cleary to accommodate him in the future, was unaware of the improper nature of his conduct. But even assuming the validity of this rather implausible premise, it would be most inappropriate to establish a two-tiered level of professional conduct for Judges: that of the lawyer and the nonlawyer. Upon taking the oath of office, a Judge, whatever his background, has an affirmative obligation to make himself aware of the bounds of proper judicial conduct. "A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved.” (Code of Judicial Conduct, Canon 1.)
For these reasons, I would not disturb the sanction imposed by the commission.
Judges Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion; Judge Jasen dissents and votes to accept the determined sanction in a separate opinion in which Chief Judge Cooke concurs.
Determined sanction modified, without costs, by reducing the sanction to admonishment.